IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MYRON TOBIN, | | |
| | Petitioner, | No. CIV S-10-2141 GEB GGH P |
| vs. | | |
| GARY SWARTHOUT, | | |
| | Respondent. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

   On February 4, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).[1]

   The parties have timely filed briefing, yet for the reasons set forth in the prior order, and notwithstanding petitioner's argument, it appears there is no federal due process

---

[1] The earlier citation in the prior order was to <u>Swarthout v. Cooke</u>, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[2]  A review of the petition in this case demonstrates that it is based on alleged violation of California's "some evidence" requirement as well as a claim that Proposition 9[3] violates the Ex Post Facto Clause and his due process rights when he was given a three-year denial.  Petition.

As to the "some evidence" claim, this court's review of the BPH hearing transcript confirms that petitioner, despite his argument otherwise, received all the process that was due in having been "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied."  Swarthout, at 862; Exhibit to Petition (docket # 2), pp. 14-102; Answer, Exh. 1 (docket # 16-1), pp. 2-92 &  Exh. 8 (docket # 16-4), pp. 4-16.  As to petitioner's claim regarding the application of Proposition 9 resulting in an increased deferral period before his next parole suitability hearing, that claim is not a challenge to the parole denial decision itself and is, therefore, not cognizable under 28 U.S.C. § 2254.  Although petitioner's ultimate goal is a speedier release from incarceration, the immediate relief sought on this ground vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to convince BPH once again that he should be released; that is too attenuated from any past finding by the BPH of parole suitability for such a claim to sound in habeas.  Rather this claim is a challenge to the constitutionality of state procedures denying parole eligibility or suitability and could properly proceed pursuant to an action under 42 U.S.C. § 1983.  Skinner v. Switzer, ___U.S.___, 2011 WL 767703 at *8 (Mar. 7, 2011) ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his

---

[2] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[3] Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

1  conviction"); id., citing Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005)
2  ("Success...does not mean immediate release from confinement or a shorter stay in prison" but
3  "at most [a] new eligibility review" or "a new parole hearing...."). Moreover, the High Court in
4  Wilkinson expressly noted that a claim seeking "an injunction barring *future* unconstitutional
5  procedures did *not* fall within habeas' exclusive domain." Id. at 81, 125 S.Ct. at 1247 [emphasis
6  in original.]   Even earlier, the Ninth Circuit had found that the challenge of inmates to a sex
7  offender treatment program as a violation of, inter alia, the ex post facto clause and their due
8  process rights was appropriate under § 1983 because victory could only result in "a ticket to get
9  in the door of the parole board....," and did not undermine the validity of convictions or
10 continued confinement.  Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

11         Moreover, currently, there is a class action proceeding, Gilman v. Fisher, CIV-S-
12 05-0830 LKK GGH,[4] wherein "the procedures used in determining suitability for parole: the
13 factors considered, the explanations given, and the frequency of the hearings" are what is at
14 issue.  Id., p. 8 [emphasis in original].  The "frequency of the hearings" is precisely what is at
15 issue in the instant claim.

16         The Gilman class is made up of:

17         California state prisoners who: "(I) have been sentenced to a term
           that includes life; (ii) are serving sentences that include the
18         possibility of parole; (iii) are eligible for parole; and (iv) have been
           denied parole on one or more occasions."
19

20 Id., p. 10.[5]

21         Petitioner (as plaintiff), sentenced to a term of years including life with the
22 possibility of parole for the controlling offense of second degree murder, challenging a
23 subsequent parole consideration hearing denial, fits squarely within the parameters of the Gilman

---

[4] See Docket # 182 of Case No. 05-CV-0830.

[5] The Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. 05-CV-0830.

class.[6] Petition, p.1; Exhibit to Petition (docket # 2), p. 16; Answer (docket # 16), p. 1, citing to respondent's Exh. 1 (docket # 16-1), first portion of the BPH transcript.  There being no basis upon which petitioner could proceed at this point, the petition should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   April 25, 2011              /s/ Gregory G. Hollows

                                     GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE

GGH:009
tobi2141.fr

---

[6] As a member plaintiff of a class action for equitable relief from prison conditions, petitioner may not, as plaintiff, maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").